## Ray v. Crook.

(Decided May 14, 1915.)

Appeal from Hopkins Circuit Court.

Contracts—Fraud—Rescission—Damages—Evidence.—In an action for the rescission of a contract for the exchange of lands on the ground of fraud, evidence examined and held not sufficiently strong and convincing to sustain the charge of fraud; and that a recovery of damages was properly denied on this ground alone.

TEAGUE & FRANKLIN and JOHN W. RAY for appellant.

LETCHER R. FOX for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

In the month of October, 1910, plaintiff, John W. Ray, entered into a written contract with the defendant, R. L. Crook, to exchange a tract of land located in Hopkins County, Kentucky, and another tract of land lying in Coffee County, Tennessee, for a tract of land located in East Carroll Parish, Louisiana, and to execute to Crook notes for the difference in value. Pursuant to the contract, Ray deeded the Kentucky and Tennessee lands to Crook and executed to the latter three promissory notes, one for $9,000.00, due January 1st, 1912; one for $10,000.0, due January 1st, 1913, and one for $10,000.00, due January 1st, 1914. At the same time, Crook conveyed to Ray the Louisiana plantation, which was estimated to contain about 2,400 acres of land. Ray took possession of the Louisiana plantation but his efforts in cultivating it were not successful. The notes for the deferred payments thereon had been assigned to the City Savings and Trust Company. The notes not being paid at maturity, foreclosure proceedings were instituted. To avoid a foreclosure and to obtain an extension of time within which to pay the notes, Ray conveyed the plantation to an officer of the Trust Company.

On March 13th, 1912, Ray brought this suit in the Hopkins Circuit Court to rescind the contract of sale and set aside the deed to the Hopkins County land on the ground of fraud. On final hearing the chancellor denied plaintiff the relief prayed for and he appeals.

According to plaintiff's evidence he visited the Louisiana plantation before the consummation of the trade. In company with the defendant he rode over the land. He claims that defendant fraudulently represented to him that only a small portion of "Grassy Lake" was contained in the plantation and that "Grinnel Slough" was not included in the plantation. He further claims that defendant represented to him that only a small portion of the timber on the place had been sold, whereas practically all of the timber had been sold. Defendant says that he told plaintiff of the timber contract and that plaintiff knew that the timber had been sold when he bought the place. He denies having made any misrepresentations as to the boundaries of the land. He says that he pointed out the boundaries

exactly as he believed them to be and that the correct boundaries are substantially as he pointed them out. He further says that Ray was on the plantation and had charge of it for about a year and never complained of any fraud until after he defaulted in the payment of the purchase money notes. Although plaintiff brought this suit for rescission and obtained jurisdiction of the defendant in the Hopkins Circuit Court on the ground that a portion of the land which he exchanged for the plantation lay in that county, he now insists that, although he has conveyed the Louisiana plantation to a third party, with the right to redeem within a stipulated time, and that that right has now expired, he may, nevertheless, recover damages for the alleged fraud. This question we deem it unnecessary to consider. It is the rule in this state that fraud must be established by strong and convincing evidence. Northern Coal & Coke Company v. Bates, et al., 146 Ky., 624. Here the plaintiff testifies one way while the defendant testifies another. The defendant's evidence is supported by the circumstance that plaintiff failed to complain of fraud until after he defaulted in the payment of the deferred purchase money notes. Under these circumstances, we cannot say that the charge of fraud is sustained by strong and convincing evidence. On this ground alone a recovery of damages was properly denied.

Judgment affirmed.